IN THE SUPREME COURT OF THE STATE OF DELAWARE

JERRY HENRY, §
§
Defendant Below, § No. 423, 2017
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1201002933 (S)
§
Plaintiff Below, §
Appellee. §

Submitted: November 22, 2017
Decided: January 24, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 24th day of January 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Jerry Henry filed this appeal from a Superior Court order denying his motion for reduction of sentence under Superior Court Criminal Rule 35(b). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Henry's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on September 18, 2012, Henry resolved two criminal cases by pleading guilty to Aggravated Possession Tier 5 in Criminal ID

No. 1201002933 and Attempted Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony, and Conspiracy in the Second Degree in Criminal ID No. 1204003166. He also admitted to violations of his probation. After granting the State's motion to declare Henry a habitual offender under 11 *Del. C.* § 4214(a), the Superior Court sentenced Henry on September 18, 2012 to more than fifty years of Level V incarceration, suspended after twenty-five years for decreasing levels of supervision. This Court affirmed the Superior Court's denial of Henry's first motion for postconviction relief under Superior Court Criminal Rule 61.[1]

(3) On August 18, 2017, Henry filed a motion for reduction of sentence in Criminal ID No. 1201002933 and Criminal ID No. 1204003166. Henry argued his sentence should be reduced because he fulfilled his obligations under a cooperation agreement with the State. The Superior Court found the motion was filed more than ninety days after the imposition of the sentence, there were no extraordinary circumstances to overcome the time bar, and Henry did not have an agreement with the Superior Court. This appeal followed.

(4) We review the Superior Court's denial of a motion for reduction of sentence for abuse of discretion.[2] To the extent the claims involves a question of

---

[1] *Henry v. State*, 2014 WL 2568039 (Del. June 5, 2014).
[2] *Jackson v. State*, 2016 WL 4547896, at *2 (Del. Aug. 31, 2016).

law, we review the claim *de novo*.[3]  Under Superior Court Criminal Rule 35(b), the Superior Court may grant a motion for reduction of sentence filed more than ninety days after sentencing (like Henry's motion) "only in extraordinary circumstances" or on the basis of an application filed by the Department of Correction under 11 *Del. C.* § 4217.[4]

(5)  In his opening brief, Henry argues that he complied with the terms of a cooperation agreement with the State, but his postconviction counsel failed to return the signed cooperation agreement to the State.  Henry also argues for the first time that he had an oral agreement with the State to give a statement about a murder in exchange for the State filing a motion for reduction of sentence.  Henry contends that he gave a statement that led to another person pleading guilty.

(6)  Henry included a copy of a cooperation agreement with a date of June 23, 2016 next to his signature.  The signature spaces for the State and Henry's postconviction counsel are blank.  Under the cooperation agreement, the Attorney General's Office would file a motion to modify Henry's sentence in Criminal ID No. 1204003166 if it determined in its reasonable discretion that Henry fully complied with the cooperation agreement and provided substantial assistance in the

---

[3] *Id.*
[4] Super. Ct. Crim. R. 35(b).

investigation or prosecution of those who committed the murder. Actual modification of the sentence was solely within the discretion of the Superior Court.

(7) The Superior Court did not err in denying Henry's motion for reduction of sentence. A cooperation agreement that was not signed by the State did not constitute extraordinary circumstances supporting reduction of Henry's sentence. As to Henry's claim that that he had an oral agreement with the State, he did not raise this claim below and we will not consider it for the first time on appeal.[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[5] Supr. Ct. R. 8.

4